Filed 6/25/21  P. v. Gatison CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089321 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD201513987) |
| v. | |
| KENNETH WAYNE GATISON, JR., | |
| Defendant and Appellant. | |

Defendant Kenneth Wayne Gatison, Jr., appeals from the denial of his Penal Code section 1170.95[1] petition for resentencing, arguing the trial court erred in finding his voluntary manslaughter conviction ineligible for relief under the statute and the court's ruling deprived him of equal protection.  We affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged in 2016 with murder and felony murder with robbery and attempted burglary special circumstances (§§ 187, subd. (a), 190.2, subd. (a)(17)(A), (G)), residential burglary (§ 459), attempted first degree robbery in concert (§ 664/213, subd. (a)(1)(A)), two counts of assault with a firearm (§ 245, subd. (a)(2)), and two counts of child endangerment (§ 273a, subd. (a)).

On December 15, 2017, defendant pleaded no contest to voluntary manslaughter with personal use of a firearm (§§ 190.2, 12022.5), the burglary charge, and both child endangerment charges. He was sentenced to a 25-year state prison term on February 26, 2018.

The parties stipulated to the preliminary hearing and the police report as the factual basis of the plea. A transcript of the preliminary hearing is not in the record, but the police report is summarized in the probation report. According to the probation report summary, defendant conspired with four other people to rob a marijuana dealer at the dealer's home. Two of the conspirators, but not defendant, entered the victim's home and shot and killed the man during the attempted robbery. Defendant and the other four then drove off.

Defendant filed a section 1170.95 petition on January 4, 2019. The trial court denied the petition on February 19, 2019, finding defendant was ineligible for relief because he was convicted of manslaughter rather than murder.

DISCUSSION

I

*Section 1170.95*

Defendant claims on appeal that section 1170.95 applies to persons who were charged with murder under a felony murder or natural and probable consequences theory but pleaded guilty to manslaughter to avoid trial.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' [Citation.]" (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

Section 1170.5 states in pertinent part:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Defendant's claim is based on the language in subdivision (a)(2), "accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder," and to similar language in the Legislative Counsel's Digest to the bill enacting section 1170.95, Senate Bill No. 1437.[2] According to defendant, the "broad"

---

**2** Defendant mistakenly refers to the bill's digest as the preamble. The Legislative Counsel's Digest to Senate Bill No. 1437 states in pertinent part: "This bill would provide a means of vacating the conviction and resentencing a defendant when a complaint, information, or indictment was filed against the defendant that allowed the prosecution to proceed under a theory of first degree felony murder or murder under the

3

language of these two provisions applies "to someone who pled to manslaughter to avoid a conviction for murder."

"[O]ur appellate courts have repeatedly rejected the argument [defendant] makes here regarding his voluntary manslaughter conviction.  As the Fourth Appellate District observed earlier this year in *People v. Turner* (2020) 45 Cal.App.5th 428 (*Turner*), courts, '[r]elying on the clear language of [section 1170.95], . . . have concluded that section 1170.95 is unambiguous and does not provide relief to persons convicted of manslaughter.  (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 [Second District] ["The plain language of the statute is explicit; its scope is limited to murder convictions."]; accord, *People v. Flores* (2020) 44 Cal.App.5th 985, 993 [Fourth District].)' " (*People v. Paige* (2020) 51 Cal.App.5th 194, 201 (*Paige*).)  We join the unanimous verdict of appellate courts rejecting this claim.

"[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id.*, subd. (a), italics added.)  If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id.*, subd. (d)(1), italics added.)  In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced.  (*Id.*, subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at p. 993.)

---

natural and probable consequences doctrine, the defendant was sentenced for first degree or 2nd degree murder *or accepted a plea offer in lieu of a trial at which the defendant could be convicted for first degree or 2nd degree murder, and the defendant could not be charged with murder after the enactment of this bill.*"  (Stats. 2018, ch. 1015, italics added.)

4

"Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder." (*Flores, supra,* 44 Cal.App.5th at p. 993; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"].)

"Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] Had the Legislature intended to make section 1170.95 available to defendants convicted of manslaughter, it easily could have done so. [Citations.]" (*Flores, supra*, 44 Cal.App.5th at p. 993; see *Cervantes, supra*, 44 Cal.App.5th at p. 887 ["there is no reference [in section 1170.95] to the crime of voluntary manslaughter"].)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we, like every other appellate court to address the issue, will follow its plain meaning. Defendant's contention regarding the references to pleas in the digest and subdivision (a)(2) "places outsized importance on a single clause to the exclusion of the provision's other language. . . . [T]he remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores, supra*, 44 Cal.App.5th at p. 995.)

The fatal flaw with defendant's argument is that it takes this reference to pleas without considering the context of a statutory scheme that limits relief to those convicted of murder. (*Paige, supra*, 51 Cal.App.5th at p. 202.) The plea language defendant relies on in subdivision (a)(2) is one of three conditions a petitioner must meet to be eligible for relief, as specified in subdivisions (a)(1) through (a)(3) of section 1170.95. Those provisions are subsets of section 1170.95, subdivision (a), which limits eligibility for relief to those "convicted of felony murder or murder under a natural and probable consequences theory[.]" "Given the structure of the statute and the language in the first

5

paragraph of section 1170.95, subdivision (a), the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, and was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges." (*Paige*, at p. 202, fn. omitted.) Further evidence that section 1170.95 applies only to murder convictions are provisions addressing the hearing on the petition, that "the court shall hold a hearing to determine whether to vacate the murder conviction" (§ 1170.95, subd. (d)(1)), and that "[t]he parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing." (*Id.*, subd. (d)(2).)

The language of section 1170.95 is unambiguous. Read in context, the reference to accepting a plea offer in lieu of trial is limited to those defendants convicted of a qualifying murder offense through a plea rather than a trial. This reading does not lead to an absurd result. "The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes, supra*, 44 Cal.App.5th at p. 889, fn. omitted; see *Flores, supra*, 44 Cal.App.5th at pp. 996-997.) The punishment for manslaughter is already less than that imposed for first or second degree murder, and the determinate sentencing ranges permit a sentencing judge to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors. "Providing relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence offenders.' " (*People v. Turner* (2020) 45 Cal.App.5th 428, 439.)

We conclude a person convicted of voluntary manslaughter rather than murder is ineligible for relief under section 1170.95. The trial court did not err in reaching this conclusion.

II

*Equal Protection*

Defendant claims the trial court's ruling deprived him of equal protection because he is similarly situated to those defendants convicted of felony murder following a trial.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Defendant was convicted of voluntary manslaughter, a different crime than murder, which carries a different punishment than murder; he is not similarly situated to those convicted of murder. (See *Paige, supra*, 51 Cal.App.5th at p. 206; *Cervantes, supra*, 44 Cal.App.5th at p. 888; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 920-921.) Thus, defendant's equal protection challenge fails at the first step.

DISPOSITION

The order denying the section 1170.95 petition is affirmed.


/s/
BLEASE, J.

We concur:


/s/
RAYE, P. J.


/s/
MAURO, J.

7